UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

HECTOR CRUZ, and other similarly-situated individuals

    Plaintiff,

v.                                                           Case No:   2:13-cv-689-FtM-38DNF

TSI DISASTER RECOVERY, LLC,
HENRY ELMORE, ROCK SOLID
ENVIRONMENTAL, LLC and BRAD
WILDE,

    Defendants.

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

This cause is before the Court on the parties' Joint Motion for Judicial Approval of the Parties' Settlement Agreement, and for Dismissal With Prejudice (Doc. 66) filed on February 25, 2015 and the Joint Memorandum Regarding Settlement (Doc. 68) filed on March 18, 2015. The Plaintiff, Hector Cruz and the Defendants[1], TSI Disaster Recovery, LLC, Henry Elmore, and Brad Wilde are requesting that the Court approve the parties' settlement of the Fair Labor Standards Act ("FLSA") claim.

To approve the settlement, the Court must determine whether the settlement is a "fair and reasonable resolution of a bona fide dispute" of the claims raised pursuant to the Fair Labor Standards Act ("FLSA"). *Lynn's Food Store, Inc. v. United States*, 679 F.2d 1350, 1355 (11th

---

[1] One Defendant, Rock Solid Environmental, LLC is not a signatory to the Joint Motion for Judicial Approval of the Parties' Settlement Agreement and for Dismissal With Prejudice (Doc. 66).  In footnote 1 in the Joint Motion for Judicial Approval, the parties stated that "[a]lthough proper service, according to the Honorable Court, was never effected on defendant, Rock Solid Environmental, LLC, this Motion seeks to have the case dismissed as to all Defendants, including Rock Solid Environmental."   The Court will construe this statement as a joint motion to dismiss Rock Solid Environmental, LLC if the Joint Motion for Judicial Approval is granted.

Cir. 1982), and 29 U.S.C. §216.   There are two ways for a claim under the FLSA to be settled or compromised.  *Id*. at 1352-3.   The first is under 29 U.S.C. §216(c), providing for the Secretary of Labor to supervise the payments of unpaid wages owed to employees.   *Id*. at 1353.   The second is under 29 U.S.C. §216(b) when an action is brought by employees against their employer to recover back wages. *Id*.   When the employees file suit, the proposed settlement must be presented to the district court for the district court review and determination that the settlement is fair and reasonable.   *Id*. at 1353-54.

The Eleventh Circuit found settlements to be permissible when the lawsuit is brought by employees under the FLSA for back wages because the lawsuit

> provides some assurance of an adversarial context.   The employees are likely to be represented by an attorney who can protect their rights under the statute.   Thus, when the parties submit a settlement to the court for approval, the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought about by an employer's overreaching.   If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages, that are actually in dispute; we allow the district court to approve the settlement in order to promote the policy of encouraging settlement of litigation.

*Id*. at 1354.

Plaintiff alleges that he was jointly employed by Defendants, and argues that he was owed overtime compensation from the Defendants. Plaintiff sought $11,800.00 in actual lost wage. Defendants contest that any violation of the FLSA occurred.   The Defendants, TSI Disaster Recovery, LLC and Henry Elmore assert that Plaintiff was never their employee, and they were not joint employers with the other Defendants.   Defendant Brad Wilde contends that Plaintiff was an independent contractor and therefore not covered by the FLSA, and Brad Wilde argues that even if Plaintiff worked overtime, because of his status as an independent contractor, he was not

owed overtime wages. A *bona fide* dispute exists as to whether Plaintiff is entitled to any recovery, or if a recovery is warranted, the amount of the recovery. The parties discussed the possibility of settlement and participated in a mediation. The case settled at mediation. The settlement encompassed both the overtime wage claim and the retaliation claim set forth in the Amended Complaint (Doc. 44). The total amount of the settlement is $25,000.00. Pursuant to the General Release and Settlement Agreement (Doc. 66-1), the Plaintiff will receive $13,317.00 for all damages. (Doc. 66-1, p. 5). The Court determines that the terms of the settlement are reasonable.

The Defendants agree to pay $11,683.00 for attorneys fees and costs. (Doc. 66-1, p. 5). Plaintiff's attorney expended 48.5 hours at a rate of $300.00 in this case which would be a total of $14,550.00 plus costs. Plaintiff attorney reduced his fees and accepted $11,683.00 for fees and costs. This amount appears reasonable. The General Release and Settlement Agreement (Doc. 66-1) appears reasonable on its face.

In the Joint Motion Judicial Approval of the Parties' Settlement Agreement, and for Dismissal With Prejudice (Doc. 66), the parties request that the Court retain jurisdiction to enforce the terms of the settlement agreement. The parties agreed to the dismissal on the condition that that the Court retain jurisdiction. (Doc. 66, p. 4). The Court required further briefing from the parties on the issue of retaining jurisdiction. On March 18, 2015, the parties filed a Joint Memorandum Regarding Settlement (Doc. 68). The parties request that the Court retain jurisdiction for a period of four (4) months to ensure that all payments under the General Release and Settlement Agreement will be made. (See, Doc. 68). The Court will recommend that the District Court retain jurisdiction for four (4) months to allow all payments to be finalized. However, if the District Court is not inclined to retain jurisdiction, the parties have agreed that failing to retain jurisdiction will not invalidate their Settlement Agreement.

**IT IS RESPECTFULLY RECOMMEDED:**

1) That the Joint Motion for Approval of the Parties' Settlement Agreement and for Dismissal With Prejudice (Doc.66) be **GRANTED,** and the General Release and Settlement Agreement (Doc. 66-1)) be approved by the Court as a "fair and reasonable resolution of a bona fide dispute" of the FLSA issues.

2) That the Defendant, Rock Solid Environmental, LLC be dismissed.

3) That the Court retain jurisdiction over this case for a period of four (4) months.

4) The Court further recommends that if the District Court adopts this Report and Recommendation, that the Clerk be directed to dismiss this action with prejudice, terminate all pending motions, and close the file.

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Respectfully recommended in Chambers in Ft. Myers, Florida on March 19, 2015.

DOUGLAS N. FRAZIER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties